UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL S. ZENDEJAS, JR. & MARIA ZENDEJAS,<br><br>        Plaintiffs,<br><br>    v.<br><br>GMAC WHOLESALE MORTGAGE CORP., *et al.*,<br><br>        Defendants. | 1:10-CV-00184 OWW GSA<br><br>MEMORANDUM DECISION RE DEFENDANTS' MOTIONS TO DISMISS (DOC. 9) AND STRIKE (DOC. 11). |

## I. <u>INTRODUCTION</u>

GMAC Mortgage, LLC (named as "Wholesale Mortgage Corp.")("GMAC"), ETS Services, LLC (named as "Executive Trustee Services, LLC"), and Federal National Mortgage Association ("FNMA") (collectively "Defendants") move to dismiss and strike Samuel S. Zendejas, Jr. and Maria Zendejas' complaint pursuant to Federal Rules of Civil procedure 12(b)(6) and 12(f).

## II. <u>FACTUAL BACKGROUND</u>

This action concerns deeds of trust encumbering the real property located at 2644 East Seeger Avenue, Visalia, California 93292 ("Property").  Plaintiffs admit that on or about March 30, 2007 they borrowed $220,500.00 from GMAC to refinance previous loans on the Property ("Loan").  Complaint, Doc. 1, ¶16.  Plaintiffs defaulted

1

on the Loan based on personal hardships. *Id*. ¶¶ 9, 18.

Plaintiffs allege that they contacted GMAC and requested

a loan modification. *Id*. ¶11.  GMAC failed to offer

Plaintiffs and "acceptable loan modification" in light of

Plaintiffs' declining income. *Id*. ¶11.  Plaintiffs

further allege they continued to work with GMAC for a

loan modification but that GMAC failed to offer

Plaintiffs other options. *Id*. ¶11.

     Plaintiffs admit that due to their default, non-

judicial foreclosure proceedings were commenced and

completed.  The real property was sold at a trustee's

sale on October 23, 2009. *Id*. ¶¶ 21-23.

### III. <u>STANDARD OF DECISION</u>

A.   <u>Rule 12(f) Motion to Strike.</u>

     Under Rule 12(f), a court may strike from a pleading

"an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P.

12(f). "The function of a 12(f) motion to strike is to

avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those

issues prior to trial." *Sidney-Vinstein v. A.H. Robins*

*Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to

strike should not be granted unless it is clear that the

matter to be stricken could have no possible bearing on

the subject matter of the litigation.  *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005).

B.  <u>Rule 12(b)(6) Motion to Dismiss.</u>

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (citing *Twombly*, 550 U.S. 556-57).  Dismissal also

3

can be based on the lack of a cognizable legal theory.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).


IV. <u>DISCUSSION</u>

A.   <u>Motion to Strike.</u>

    1.   <u>Punitive Damages.</u>

    The right to recover punitive damages is governed by

California Civil Code section 3294 which states in

relevant part that:

> (a) In an action for the breach of an obligation
> not arising from contract, where it is proven by
> clear and convincing evidence that the defendant
> has been guilty of oppression, fraud or malice,
> the plaintiff, in addition to the actual
> damages, may recover damages for the sake of
> example and by way of punishing the defendant.
>                     ***
> (c) As used in this section, the following
> definitions shall apply:
>
> (1) "Malice" means conduct, which is
> intended by the defendant to cause injury to
> the plaintiff or despicable conduct, which
> is carried on by the defendant with a
> willful and conscious disregard for the
> rights or safety of others.
>
> (2) "Oppression" means despicable conduct
> that subjects a person to cruel and unjust
> hardship in conscious disregard of that
> persons' rights.
>
> (3) "Fraud" means an intentional
> misrepresentation, deceit, or concealment of
> a material fact known to the defendant with
> the intention on the part of the defendant
> of thereby depriving a person of property or
> legal rights or otherwise causing injury.

Cal. Civ. Code § 3294.  Unless a defendant is found

guilty of "oppression, fraud, or malice," rising to the

level of despicable conduct, punitive damages cannot be recovered by the plaintiff.  *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1169 (1988). Conclusory allegations of fraud, misrepresentation, bad faith, oppression, malice and the like are insufficient. *Lavine v. Jessup*, 161 Cal. App. 2d 59, 69 (1958).

Plaintiffs' prayer for punitive damages is wholly unsupported by any factual allegations.  Plaintiffs do not oppose Defendants' motion to strike the punitive damages prayer.

The motion to strike the punitive damages prayer is GRANTED.

2.  **Pre-Judgment Interest.**

Pre-judgment interest is only authorized when the damages are "certain, or capable of being made certain by calculation."  Cal. Civ. Code. § 3287.  Plaintiffs assert no facts to support any "certain" request for damages, nor are damages for such claims capable of being made certain by calculation.  Plaintiffs do not oppose Defendants' motion to strike the pre-judgment interest prayer.

The motion to strike the pre-judgment interest prayer is GRANTED.

5

3.   **Attorneys' Fees.**

In the absence of a statute, or a contractual provision for the recovery of attorneys' fees, attorneys' fees are not recoverable as an element of damages in an ordinary civil action.  Cal. Code Civ. Pro. § 1021. California applies the American Rule that attorney's fees are generally not taxable as costs against a losing party.  *Young v. Redman*, 55 Cal. App. 3d 827, 834-835 (1976).

Ordinarily, a deed of trust and primary note contain attorney's fees provisions.  Under California Civil Code § 1717, even if an attorney's fees clause purports to give a unilateral right to one party to recover attorney's fees, the right is interpreted as reciprocal. Plaintiffs do not allege the existence of any written agreement between them and any of the Defendants on which an award of attorney's fees can be based.  Nor do Plaintiffs cite any statute to support a claim for attorney's fees. Plaintiffs do not oppose Defendants' motion to strike the pre-judgment interest prayer.

The motion to strike the attorney's fees prayer is GRANTED.

6

B.   **Motion to Dismiss.**

1.   **Plaintiffs Have No Standing To Assert HAMP.**

The Home Affordable Modification Program ("HAMP") was created by Congress under the authority of the Emergency Economic Stabilization Act of 2008, Pub. L. 110-343. Pursuant to this program, various mortgage loan servicers, including GMAC, entered into Servicer Participation Agreements that require the servicer to perform certain loan modification and foreclosure prevention services described in the agreement and in program guidelines and procedures issued by the Department of the Treasury. *See Escobedo v. Countrywide Home Loans, Inc.*, 2009 WL 4981618, *1 (S.D. Cal. 2009); Compl. ¶25. Among other things, participating servicers are required to <u>consider</u> all loans eligible under the program, but are not <u>required</u> to modify mortgages. *See Escobedo*, 2009 WL 4981618, *2. The HAMP program itself is not codified as a public law.

Although Plaintiffs do not separately identify any of their claims as arising under HAMP, Plaintiffs make numerous references to the program as a basis for their claims. For example, Plaintiffs allege that Defendants failed to conform to the provisions of HAMP, Compl. ¶13a; that they are willing to enter into a HAMP modification that they can afford, *id*. at ¶20; and that GMAC's failure

7

to review Plaintiffs' eligibility for the HAMP program is a violation of its participation agreement, *id.* at ¶25.

Plaintiffs are not direct beneficiaries of the HAMP program, and can only have standing as third party beneficiaries.  However, to sue as a third party beneficiary, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party.  *Escobedo,* 2009 WL 4981618, *2 (citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210-11 (9th Cir. 2000)).  Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary.  *Id.*  Furthermore, a qualified borrower to a HAMP agreement "would not be reasonable in relying on the Agreement as manifesting an intention to confer a right on him because the Agreement does not require [a servicer] modify eligible loans." *Id.* at *3.  Therefore, "qualified borrowers are incidental beneficiaries of the Agreement and do not have enforceable rights under the contract.  [citation omitted].  Thus, a Plaintiff lacks standing to sue for an alleged breach of the Agreement."  *Id.*

Plaintiffs' opposition merely directs the Court's

attention to the same HAMP guidelines and directives cited in the complaint.  Plaintiffs do not address the issue of standing.  At oral argument, Plaintiffs' counsel requested leave to amend.

Defendants' motion to dismiss any claims based on HAMP for lack of standing is GRANTED WITH LEAVE TO AMEND consistent with Rule 11.

2.  <u>No Private Right of Action Under 12 U.S.C. § 1701x(c)(5).</u>

Plaintiffs allege that Defendants failed to comply with the notice requirements of 12 U.S.C. § 1701x(c)(5), a provision in the National Housing Act which requires private lenders servicing non-federally insured home loans to advise borrowers of any home ownership counseling they or the United States Department of Housing and Urban Development ("HUD") may offer.  Compl. ¶32.  *Gaitan v. Mortgage Electronic Registration Systems,* 2009 WL 3244729, *10 (C.D. Cal. 2009), held that section 1701x(c)(5) does not create a private right of action:

> "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831 (9th Cir. 2004). By its structure, the National Housing Act "govern[s] relations between the mortgagee and the government, and give[s] the mortgagor no claim for duty owed or for the mortgagee's failure to follow" the statute or its implementing regulations. *Mitchell v. Chase Home Finance LLC*, No. 3:06-CV-2099-K, 2008 WL

9

623395, at *3 (N.D. Tex. Mar. 4, 2008). As such, courts have held that the National Housing Act generally does not contain a private right of action. *See City of Rohnert Park v. Harris*, 601 F.2d 1040, 1046-47 (9th Cir.1979); *Saratoga Sav. & Loan Ass'n v. Fed. Home Loan Bank of San Francisco*, 724 F.Supp. 683, 690 (N.D. Cal. 1989); *Mitchell*, at *3; *Fantroy v. Countrywide Home Loans, Inc.*, 2007 WL 2254941, No. 3:06-CV-1889-K, at *2 (N.D. Tex. July 24, 2007); *Goss v. Fairfield Housing Authority*, No. 3:03CV0935(WIG), 2006 WL 1272623, at *3 (D.Conn. Mar. 14, 2006). *The provision asserted by Plaintiff is no exception. See Fouche' v. Shapiro & Massey L.L.P.*, 575 F.Supp.2d 776, 780 n. 7 (S.D. Miss. 2008).

The reasoning of *Gaitan* is sound.  Plaintiffs fail to cite any contrary authority.

Defendants' motion to dismiss the claim brought under 28 U.S.C. § 1701x(c)(5) claim is GRANTED WITHOUT LEAVE TO AMEND.

3.   **No Private Right of Action Under California to Civil Code §§ 2923.5 and 2923.6.**

Plaintiffs allege that GMAC failed to comply with California Civil Code §§ 2923.5 (requiring lenders to contact borrower prior to filing notice of default) and 2923.6 (requiring certain waiting periods prior to giving notice of sale).  Compl. ¶ 13(b).  There is no private right of action under either provision.  *Gaitan*, 2009 WL 3244729, *7, succinctly summarized the state of the law and the relevant analysis:

Under California law, a statute will only be deemed to contain a private right of action if the Legislature has manifested an intent to create such a right. *Moradi-Shalal v. Fireman's*

10

1    *Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988).

2    The Perata Mortgage Relief Act was enacted
     relatively recently, and thus California courts
3    have had little chance to examine its
     provisions. Nevertheless, section 2923.6, passed
4    along with section 2923.5, clearly does not
     create a private right of action. That section
5    solely "creat[es] a duty between a loan servicer
     and a loan pool member. The statute in no way
6    confers standing on a borrower to contest a
     breach of that duty." *Farner v. Countrywide Home
7    Loans*, No. 08cv2193 BTM (AJB), 2009 WL 189025,
     at *2 (S.D.Cal. Jan. 26, 2009). Other courts to
8    consider this question have agreed unanimously
     with the Farner court. *See Tapia v. Aurora Loan
9    Servs.*, LLC, No. 1:09-cv-01143 AWI (GSA), 2009
     WL 2705853, at *1 (E.D.Cal. Aug. 25, 2009);
10   *Anaya v. Advisors Lending Group*, No. CV F 09-
     1191 LJO DLB, 2009 WL 2424037, at *8 (E.D.Cal.
11   Aug. 5, 2009); *Pantoja v. Countrywide Home
     Loans, Inc.*, ---F.Supp.2d ----, No. C 09-01615
12   JW, 2009 WL 2423703, at *7 (N.D.Cal. July 9,
     2009); *Connors v. Home Loan Corp.*, No. 08cv1134-
13   L (LSP), 2009 WL 1615989, at *7 (S.D. Cal. June
     9, 2009).
14
15   Whether or not section 2923.5 creates a private
     right of action, however, has not been the
16   subject of unanimity among the courts. Only two
     courts have considered this question, and they
     have reached inconsistent results. *See Yulaeva
17   v. Greenpoint Mortgage Funding, Inc.*, No. CIV.
     S-09-1504 LKK/KJM, 2009 WL 2880393, at *11
18   (E.D.Cal. Sept. 03, 2009) (assuming without
     deciding that section 2923.5 does not provide a
19   private right of action); *Ortiz v. Accredited
     Home Lenders, Inc.*, --- F.Supp.2d ----, No. 09
20   CV 0461 JM (CAB), 2009 WL 2058784, at *5
     (S.D.Cal. Jul. 13, 2009) (finding section 2923.5
21   does contain a private right of action, as "the
     California legislature would not have enacted
22   this 'urgency' legislation, intended to curb
     high foreclosure rates in the state, without any
23   accompanying enforcement mechanism.").

24   Under California law, "courts are not at liberty
     to impute a particular intention to the
25   Legislature when nothing in the language of the
     statute implies such an intention." *Dunn-Edwards
26   Corp. v. Bay Area Air Quality Management Dist.*,
     9 Cal.App. 4th 644, 658 (1992). Thus, "if the
27   Legislature intends to create a private cause of
     action, we generally assume it will do so
28   directly, in clear, understandable, unmistakable

                              11

terms." *Vicko Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal.App. 4th 55, 62-63 (1999), quoting *Moradi-Shalal*, 46 Cal.3d at 294-295 (internal marks omitted).

Section 2923.5 contains no language that indicates any intent whatsoever to create a private right of action.

Neither section 2923.5 or 2923.6 create a private right of action.  Plaintiffs offer no contrary authority or argument.

Defendants' motion to dismiss the claims brought under California Civil Code Sections 2923.5 and 2923.6 is GRANTED WITHOUT LEAVE TO AMEND.

    4.   <u>**TILA is Inapplicable io Defendants.**</u>

Plaintiffs allege that by "failing to follow compulsory guidelines in foreclosure actions" GMAC has committed a violation of 15 U.S.C. § 1601.  That provision is part of Truth In Lending Act ("TILA"), which mandates "meaningful disclosure" of credit terms at the time of loan initiation.  *Id*. § 1601.  It does not regulate the foreclosure processes.  Plaintiffs do not oppose dismissal.

Defendants' motion to dismiss the TILA claim is GRANTED WITH LEAVE TO AMEND.

12

5.   <u>**California Business and Professions Code §
17200.**</u>

Plaintiffs allege that Defendants are liable under
California Business and Professions Code § 17200 because
of GMAC's failure "to determine [Plaintiffs'] eligibility
for a loan modification... and []failure to comply with
HAMP."  Compl. ¶40.  Plaintiffs allege that as a result
of the conduct they have "lost equity in their home" and
are in danger of losing their home.  *Id.* ¶43.  Plaintiffs
seek equitable relief.  Compl. ¶44.

Section 17200 prohibits any "unlawful, unfair or
fraudulent business act or practice."  *See Berryman v.
Merit Property Management, Inc.*, 152 Cal. App. 4th 1544,
1554 (2007).  An action brought under the "unlawful"
prong of this statute "borrows" violations of other laws
when committed pursuant to business activity.  *Farmers
Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383
(1992).  A practice may otherwise be prohibited if it is
"unfair" or "deceptive," even if not "unlawful.  *Cal-Tech
Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th
163, 180 (1999).  Here, Plaintiffs have failed to state
facts to show how any of the purported conduct was
unlawful, unfair, or fraudulent.  That is, Plaintiffs'
entire cause of action is based on Defendants purported
failure to provide Plaintiffs a loan modification.  No

13

law provides such a duty and Plaintiffs have not alleged that this failure is otherwise unfair.  Plaintiffs admit they worked with GMAC to explore a loan modification but ultimately admit they did not receive one because of their decreasing income.  HAMP does not require GMAC to enter into loan modifications.  Nothing in the complaint suggests GMAC acted unlawfully or even unfairly.

Defendants' motion to dismiss the § 17200 claim is GRANTED WITHOUT LEAVE TO AMEND.

6.   **Breach of Covenant of Good Faith and Fair Dealing.**

Plaintiffs allege that Defendants "initiated forclosure on the subject property without legal standing to do so" and failed to determine that Plaintiffs were eligible pursuant to HAMP, all in breach of the covenant of good faith and fair dealing.  Compl. ¶47.  Plaintiffs further claim that they were denied the benefits under the loan documents because the documents were confusing.  *Id*. ¶49.

A covenant of good faith and fair dealing exists in every contract, requiring each party to act in good faith and fair dealing it its performance not to deny the opposing party the benefit of the bargain.  *See Carma Developers, Inc. v. Marathon Development California, Inc.,* 2 Cal. 4th 342, 371 (1992).  A prerequisite for any

14

action for breach of this covenant is the existence of a
contractual relationship between the parties, because the
covenant is an implied term in the contract. *Smith v.
San Francisco*, 225 Cal. App. 3d 38, 49, (1990).
Defendants argue that Plaintiffs have failed to identify
the contract giving rise to the covenant.  Their
opposition simply asserts that "[t]he failure to
negotiate or delay the foreclosure was a breach of the
implied covenant," citing *Storek & Storek, Inc. v.
Citicorp Real Estate, Inc.,* 100 Cal. App. 4th 44 (2002).
But, *Storek* does not stand for this proposition at all.[1]
In *Storek*, a lender refused to continue financing a
failing development project.  The investors sued,
alleging breach of the implied covenant of good faith and
fair dealing.  *Storek* ultimately held that the lender had
no duty to act in good faith in determining whether a
condition precedent to its performance of the loan
agreement had been fulfilled.  *Id*. at 62.  How Plaintiffs
counsel gleaned from this case the proposition that
"[t]he failure to negotiate or delay the foreclosure was
a breach of the implied covenant" is a complete mystery.
Plaintiffs present no other evidence or authority in
opposition.

_____

[1] Perhaps recognizing this failure, Plaintiffs' counsel does not
provide a pincite.

15

Defendants' motion to dismiss the claim of breach of the covenant of good faith and fair dealing is GRANTED WITHOUT LEAVE TO AMEND.

7.   **Cancellation of Instrument.**

Plaintiffs allege in their Cancellation of Instrument claim that the Notice of Default, Notice of Trustee's Sale and Trustee's Deed are invalid because Defendants purportedly did not have the right to foreclose.  Compl. ¶¶ 57-58.  To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable.  Cal. Civ. Code § 3412.  Plaintiffs fail to allege any valid reason why the instruments in question are void or voidable. Plaintiffs do not address this failure in their opposition.  Defendants' motion to dismiss the cancellation of instrument claim is GRANTED WITHOUT LEAVE TO AMEND.

8.   **Quiet Title.**

Plaintiffs seek to quiet title to the Property, alleging Defendants do not have any "right, title, interest, or estate" in the Property.  Compl. ¶64.  To state a claim for quiet title plaintiff's complaint must

16

be verified and must include (1) a description of the
property including both its legal description and its
street address or common designation; (2) plaintiff's
title and the basis upon which it is asserted; (3) that
adverse claims as against which a determination is
sought; (4) the date as of which a determination is
sought and, if other than the date the complaint is
filed, a statement why the determination is sought as of
that date; and (5) a prayer for determination of
plaintiff's title against the adverse claims.  *See* Cal.
Code Civ. Pro. § 761.020.  The purpose of a quiet title
action is to settle all conflicting claims to the
property and to declare each interest or estate to which
the parties are entitled.  *Newman v. Cornelius,* 3 Cal.
App. 3d. 279, 284 (1970).

In addition to the required elements for a quiet
title action, a borrower cannot quiet title to a Property
without discharging any debt owed.  *See Distor v. U.S.
Bank, NA*, 2009 WL 3429700 *6 (N.D. Cal. Oct. 22, 2009);
*see also Aguilar v. Bocci,* 39 Cal. App. 3d 475, 477
(1974).  Plaintiffs have not alleged that they discharged
the debt and are therefore the rightful owners of the
Property.  In fact, Plaintiffs admit they have not and
cannot discharge the debt.  As such, Plaintiffs have not

stated a claim for Quiet Title.

Plaintiffs cite *Kelly v. Mortgage Electric Registration Systems, Inc.*, 642 F. Supp. 1048 (N.D. Cal. 2009), again with no pincite, for the proposition that their quiet title claim should survive because Plaintiffs were once the rightful owners of the property and were seeking a loan modification prior to the foreclosure sale. *Kelly* does not support this proposition at all. Rather, *Kelly* dismissed a quiet title claim because the plaintiffs did not allege that they satisfied their obligations under the deed of trust. *Id.* at *7.

Defendants' motion to dismiss the quiet title claim is GRANTED WITHOUT LEAVE TO AMEND.

9.   <u>Accounting.</u>

Plaintiffs allege they are entitled to an accounting and for a return of all of the payments they made on the Loan under 15 U.S.C. § 1635(b) and 12 U.S.C. § 2605. Compl. ¶67. Title 15, United States Code section 1635(b) provides for a right of rescission under certain circumstances where there has been a violation of TILA. As discussed above, TILA is inapplicable to the facts of this case. Accordingly, Plaintiffs would not be eligible for rescission under section 1635(b). Likewise, Title 12 United States Code, section 2605, which imposes upon a

loan servicer an obligation to respond to borrower inquiries, does not provide for an accounting.

To the extent Plaintiffs assert a claim for an accounting under state law, this claim fails as well.  To state a cause of action for accounting, plaintiff must plead the existence of a relationship that requires and accounting, and that the balance <u>due from the defendants</u> can only be ascertained by an accounting.  *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).  Here, Plaintiffs asserts that <u>they owe a balance to Defendants</u> on the Loan.  They are not entitled to an accounting as a matter of law.  *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1191-92 (N.D. Cal 2009)(dismissing claim for accounting because: (1) plaintiff did not claim he was owed anything; and (2) it was not difficult to calculate what the plaintiff owed the defendant because the notice of default set forth any arrearages due).

    Defendants' motion to dismiss the accounting claim is GRANTED WITHOUT LEAVE TO AMEND.

    10.  <u>Rescission.</u>

    Plaintiffs allege that the loan transaction is voidable.  Compl. ¶70.  To the extent Plaintiffs seek rescission under TILA, 15 U.S.C. § 1635(b), TILA is inapplicable to the facts of this case.

1    California Civil Code Section 1689 permits rescission

2    "if the consent of the party rescinding ... was given by

3    mistake, or obtained through ... fraud."  Cal. Civ. Code.

4    § 1689(b)(1)).  To obtain rescission, plaintiff must

5    restore or offer to restore to the other party everything

6    of value they received under the contract.  Cal. Civ.

7    Code § 1691(b).  Here, Plaintiffs fail to offer to

8    restore to Defendants the benefit of the Loan conferred

9    on them.  Rather, Plaintiffs allege a "substitute

10   tender."  Compl. ¶ 72.  Plaintiffs fail to identify what

11   the substitute tender is and whether it is in the amount

12   of the benefit of the Loan conferred on them.  Moreover,

13   Plaintiffs fail to allege that the loan itself was

14   founded upon fraud or was entered into by mistake.

15   Plaintiffs' fail to state a claim for rescission.

16       Defendants' motion to dismiss the rescission claim is

17   GRANTED WITHOUT LEAVE TO AMEND.

18

19       11.  __Declaratory Relief__

20           Plaintiffs seek a declaration that that the loan

21   and foreclosure are invalid.  Compl. ¶¶ 85, 88-89.  As

22   this request is based entirely on their other

23   allegations, all of which have been dismissed, there is

24   no basis for declaratory relief. Defendants' motion to

25   dismiss the rescission claim is.

1     12.   **Injunctive Relief.**

2          The Complaint contains a separate claim for

3     injunctive relief.  As Plaintiffs cannot prevail on any

4     of their legal claims, they are not entitled to

5     injunctive relief.  *See* *San Francisco Newspaper Printing*

6     *Co., Inc. v. Superior Court*, 170 Cal. App. 3d 438, 442

7     (1985).

8

9          Defendants' motion to dismiss the rescission claim is

10    GRANTED.

11

                        V. CONCLUSION

12         For the reasons set forth above, Defendants motions

13    to strike and to dismiss are GRANTED IN THEIR ENTIRETY.

14

15    Except as otherwise noted, the dismissal is WITHOUT LEAVE

16    TO AMEND.

17         Defendants shall file a form of order consistent with

18    this memorandum decision within five (5) days of

19

20    electronic service.

21         Plaintiffs shall have fifteen (15) days from service

22    of the signed order to file an amended complaint.

23

24    SO ORDERED
      DATED:  JUNE 15, 2010

25
                         /s/ Oliver W. Wanger
                            Oliver W. Wanger
26                  United States District Judge

27

28
                              **21**